App. Div. 689, 99 N. Y. Supp. 932, cited by the learned counsel for the respondent, and like cases, e. g., Parkinson Sugar Co. v. Riley, 50 Kan. 401, 31 Pac. 1090, 34 Am. St. Rep. 123, Ryan v. Fowler, 24 N. Y. 410, 82 Am. Dec. 315, and Muhlens v. Obermeyer & Liebmann, 83 App. Div. 88, 82 N. Y. Supp. 527; for in such cases the servant, although not strictly at work when injured, nevertheless was either under invitation or license, express or implied, to go in the place or to use the appliances in question. The duty of his master under the circumstances of this case is to avoid injury to the plaintiff after discovery by the master that the servant is in a perilous position. There is nothing upon this record which shows that the master, or any one who represented him, knew or should have known that the plaintiff was in a dangerous position at the time the machinery was started. In such a case the plaintiff does not establish a cause of action merely by proof that the cogs were unguarded, because the obligation is but to guard the machinery properly, and the dangers thus to be averted are only those that a reasonably prudent person could have foreseen. King v. Reid, 124 App. Div. 121, 108 N. Y. Supp. 615; Kirwan v. American Lithographic Co., 124 App. Div. 181, 108 N. Y. Supp. 805; Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.

---

(129 App. Div. 438.)

### MIEHLKE v. NASSAU ELECTRIC R. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. NEGLIGENCE (§ 78*)—PERSONAL INJURIES—PROXIMATE CAUSE.

Defendant is liable for any personal injury negligently inflicted, though the injury would have been less disastrous if plaintiff had been in perfect health at the time of the accident.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 109; Dec. Dig. § 78.*]

2. EVIDENCE (§ 552*)—HYPOTHETICAL QUESTIONS—BASIS OF OPINION.

Where there is evidence, though not entirely clear and direct, from which the jury could find the facts on which a hypothetical question was based, allowing such question is not error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2368, 2372; Dec. Dig. § 552.*]

Appeal from Trial Term, Kings County.

Action by Anna M. Miehlke against the Nassau Electric Railroad Company and the Coney Island & Brooklyn Railroad Company. From a judgment for plaintiff, and from the denial of a new trial, defendant Nassau Electric Railroad Company appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

D. A. Marsh, for appellant.
Frank W. Holmes, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J.  The plaintiff, while a passenger on one of the cars of the Coney Island & Brooklyn Railroad, was injured by one of the cars of the defendant the Nassau Electric Railroad, running into the car in which she was riding at a grade crossing.  The jury has found the defendant guilty of the negligence resulting in the injury, and the questions presented upon this appeal relate to the question of damages; it being claimed on the part of the defendant that there were errors in receiving evidence, and that the plaintiff has failed to establish that her injuries were solely the result of the accident.

The plaintiff was a married woman, and it appeared from the evidence that she had been under treatment for some time for uterine troubles, and the defendant insists that the evidence fails to show that the subsequent injuries, which centered in her right side in the vicinity of the right ovary, which was afterwards removed, were the sole cause of this necessary removal.  We have examined the record with care, and we are persuaded that there was evidence in the case which justified the jury in finding that the injuries received were such as to necessitate the two surgical operations which were performed upon her, and that there was no other competent cause for this result.  The evidence, when fairly read, simply shows that the plaintiff had a very common difficulty among women, not at all serious in its nature, and, while the testimony of the doctors on cross-examination did admit that the condition which existed prior to the accident might under some circumstances warrant a surgical operation, we do not find anything in the record to indicate that this woman would have been under any such necessity, except for the accident which befell her through the negligence of the defendant.  A passenger is not bound to be physically sound.  A woman is not bound to be free from all complications in order to recover for injuries which she actually sustains.  While the defendant cannot be held liable for the condition in which she was at the time of the accident, it is liable for any injury which it negligently inflicts upon her, even though that injury would have been less disastrous if she had been in perfect condition at the time of the accident.

It is urged that the court erred in permitting one of the physicians to answer a hypothetical question, involving his opinion that the accident was a competent cause of plaintiff's condition, and that the exception presents reversible error.  Dr. Krug was asked a hypothetical question which involved the assumption that, when he had examined the plaintiff soon after the accident, he found a swelling of the uterus and the surrounding tissues, and that this condition continued down to the 21st day of February, and that the plaintiff, who had been under treatment for a soreness in her right side prior to the accident, had entirely recovered from such soreness at the time of the examination on the 12th day of February.  While the evidence is not, perhaps, as clear and direct as it might be desirable to have it, we are of the opinion that the jury might have properly found the facts as claimed by the plaintiff in the hypothetical question, and it was therefore within the well-established rule in reference to this line of questions.

We have examined the charge, and the request to charge, which was refused, and we are persuaded that no reversible error was committed by the learned trial court.  The court had fairly charged the law as

to the responsibility of the defendant for the plaintiff's condition, taking into consideration her alleged diseases prior to the accident, and no exception was taken to this part of the charge. Defendant's counsel then asked the court to charge:

"That in this case there can be no recovery for an aggravation of any condition existing in the ovary, since the plaintiff has claimed no condition abnormal existing in it before, and there is no evidence that it was aggravated."

To this request the court responded

"If you will concede that there was no abnormal condition before, I will charge that; but, in the face of your contention to the contrary, I will leave that to the jury, as I have done in the charge."

Counsel then stated:

"I do not want to be misunderstood about that. That is the plaintiff's position, that there was no abnormal condition before; and, that being her position, she cannot recover for an aggravation of what she claims did not exist before."

The court responded:

"I will leave my charge upon that point as it was, with the qualification that I made."

Counsel for defendant then merely took an exception, though whether to the refusal to charge as requested or to the charge as originally made is not very clear. At any rate, we are of the opinion that the charge as originally made stated the law clearly to the jury, and that the defendant was not entitled to the charge as requested.

We are not convinced that the verdict is so far excessive as to warrant this court in reversing the judgment.

The judgment and order appealed from should be affirmed with costs. All concur.